UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENNIE N. HUNT, JR.,<br><br>     Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>     Defendants. | Civ. No. 18-9443 (KM/JBC)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Plaintiff Bennie N. Hunt, Jr., has filed this action against the United States Department of Veterans Affairs (the "VA"), as well as VA hospitals and personnel of the VA. The legal basis of the claims is not specified; the plaintiff alleges that in the period 1999–2000, he suffered from an "enlarged heart" and "sexual dysfunctioning," with a suggestion that they were "caused by" the VA. I interpret these allegations as a tort claim of medical malpractice. (See Complaint, DE 1; Motion Suing the VA for Negligence, DE 1-4.)

The United States has moved to dismiss the complaint on jurisdictional and substantive grounds. (DE 19) Both before and after the United States filed its motion, Mr. Hunt filed a series of letters, which I have reviewed and treated as his response to the motion to dismiss. (DE 16, 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 29)

For the reasons stated herein, however, the motion to dismiss must be granted, because as a matter of law this complaint does not state a claim that this court may hear.

1

## I.  FACTUAL ALLEGATIONS & CLAIMS

The "Statement of Claim" section of the complaint (DE 1) states that in November 1998 the plaintiff "started dealing [with] the V.A. Regional Office in downtown Newark, N.J. and the East Orange New Jersey Veteran's Hospital."

The "Facts" section of the complaint reads, in its entirety, as follows:

> September 1999 to March 2000
> V.A. Homeless Program at 51
> Lincoln Street
> Haven-Manor, East Orange, NJ 07018.
> A.R.H.F.C. [A Residential Healthcare Facility]
>
> Started November 1998 to May 2018 and still continuing dealing [illegible] the (VA's systems systemically).
>
> I'm a Lone Wolfe – Loner Hermit Crab Capabilities & Settings
> Solely & Only (me, myself & I).
> I am a Bachelor.

The "Injuries" section of the Complaint states the following:

> (Enlarge – Heart) inch diameter all around my entire heart
> Sexual dysfunctioning
> Medicine Pills Medication Caused by V.A. Homeless Program
> September 1999 to March 2000

Plaintiff demands the following relief: "Whatever the U.S. of A. deficit is I still want the same exact."

My belief that the complaint is intended to assert a tort claim of medical malpractice is confirmed by a prior administrative claim. On February 2, 2009, Mr. Hunt filed an SF-95 administrative tort claim with the VA, which was denied on April 28, 2009. (*See* DE 19-2) The letter of denial states that the claim was one of negligence against the East Orange VA, arising from events in the period September 1999 to November 2000. (*Id.*) The letter instructs Mr. Hunt that he could pursue the claim as a tort action against the United States in federal court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, within six months. (*Id.*) The VA denied plaintiff's reconsideration request by

2

letter dated June 3, 2009, delivered to Mr. Hunt on June 22, 2009. (DE 19-3, 19-4)

## II.  JURISDICTION

The United States first moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

A Rule 12(b)(1) challenge to the court's subject matter jurisdiction may be either a facial or a factual attack. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, 126 S. Ct. 1854 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]
>
> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; footnoted case citations inserted into text in [brackets]).

The United States possesses sovereign immunity from a tort action. It has waived that immunity, but only subject to certain conditions. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). That principle extends to claims against the United States, a federal agency, or a federal official in that person's official capacity. *See Treasurer of New Jersey v. United States Dep't of Treasury*, 684 F.3d 392, 395–96 (3d Cir. 2012).

One such jurisdictional precondition to the filing of an FTCA action is exhaustion of administrative claims—here, presentation of the claim to the VA and denial of the claim in writing. *See* 28 U.S.C. § 2675(a); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). I will assume that this jurisdictional precondition was satisfied. (*See* DE 19-2, 19-3)

Another jurisdictional limitation is that the only defendant properly named in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a) & (d)(1); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). This action must therefore be dismissed as against the named defendants, which are U.S. agencies, VA hospitals, and their employees. *See Grant v. Baldwin*, 565 F. App'x 75, 77 (3d Cir. 2014). No factual allegations at all are made with respect to the individuals, and *a fortiori* it is not alleged that they acted outside the scope of employment.

Ordinarily, the court might simply substitute the United States for the named defendants. There are, however, other grounds for dismissal that would apply even if the United States had been properly named.

### III. OTHER GROUNDS FOR DISMISSAL

The sole vehicle for Mr. Hunt's claim of medical malpractice would be an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. Setting aside the plaintiff's failure to name the United States as defendant, the defendants move to dismiss the complaint under Fed.

R. Civ. P. 12(b)(6). First, they say, the complaint fails to meet the pleading standards of Rule 8. Second, it is untimely under the FTCA's statute of limitations, 28 U.S.C. § 2401(b).[1]

### A. Governing Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

---

[1] The FTCA statute of limitations is not of jurisdictional stature. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). The defendants therefore properly bring their challenge under Rule 12(b)(6), not 12(b)(1).

Where the plaintiff, like Mr. Hunt, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### B. Failure to Plead a Claim

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Lomando v. United States*, 667 F.3d 363, 372-73 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001). Here, that state law would be the law of New Jersey.

> A medical malpractice case is a kind of tort action in which the traditional negligence elements are refined to reflect the professional setting of a physician-patient relationship. Thus, a plaintiff in a malpractice action must prove
>
> [1] the applicable standard of care. . . ;
>
> [2] that a deviation has occurred. . . ; and
>
> [3] that the deviation proximately caused the injury . . . .

*Verdicchio v. Ricca*, 179 N.J. 1, 23, 843 A.2d 1042, 1055–56 (2004) (citations omitted; bracketed numbers and line breaks added).

The facts pled in the complaint do not plausibly set forth these elements under the pleading standards of *Twombly* and *Iqbal*. *See* Section III.A, *supra*. Even the legal basis for the claim—medical malpractice—requires some guesswork. No allegations are made as to the actions of the individual defendants. No standard of care, or deviation therefrom, is articulated. The factual allegations set forth medical conditions—an "enlarged heart" and "sexual dysfunctioning"—but no basis for believing that they were not treated properly. The only allegation relating to causation is the conclusory phrase "caused by the V.A. homeless program." The causal connection is far from

6

intuitive, and no facts are stated in support. The facial plausibility standard is not met. The complaint is therefore dismissed under Rule 12(b)(6) for failure to state a claim.

### C. Timeliness

The defendants also move to dismiss the action under Rule 12(b)(6) on statute of limitations grounds.[2] Because the action is brought against the wrong parties, and because it does not plausibly state a claim, it is not strictly necessary to reach these grounds. Nevertheless, because the dismissal is without prejudice and because the untimeliness of the complaint appears extreme, I discuss the statute of limitations in the alternative.

The FTCA contains its own statute of limitations:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Those requirements, taken together, dictate that to bring a timely FTCA claim, Mr. Hunt was required to (1) file an administrative claim with the VA within two years after the claim accrued; and (2) file a district court action within six months after the administrative claim was denied. *See, e.g., Turner v. United States of America*, No. 17-CV-0618, 2017 WL 1157858, at *2 (D.N.J. Mar. 28, 2017); *Meehan v. Taylor*, No. 12-CV-4079, 2013 WL 4517943, at *3 (D.N.J. Aug. 26, 2013).

---

2    Although the statute of limitations is technically an affirmative defense, it may be considered on a Rule 12(b)(6) motion if the "face of the complaint" establishes that the action is untimely. *See, e.g., Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). That rule is broad enough, I believe, to encompass the complaint and other documents properly considered on a Rule 12(b)(6) motion. *See* n.3, *infra*.

The date of accrual of the claims (1999–2000) and the date of filing of this district court action (May 18, 2018) can be gleaned from the filed complaint (DE 1). The dates of filing and denial of the VA administrative claim are not set forth in the complaint. With the motion to dismiss, however, the defendants have submitted the VA's original written denial of Mr. Hunt's claim and denial on reconsideration, both of which occurred in 2009. (DE 19-2, 19-3, 19-4) The authenticity of these documents is attested to by a qualified records custodian, an attorney with the VA Office of General Counsel. (DE 19-5) These VA records are properly considered on this Rule 12(b)(6) motion, not for the truth of statements therein, but rather for their existence and legal effect.[3]

---

[3] The general rule is that a court considering a Rule 12(b)(6) motion is confined to the allegations of the complaint. That rule, however, has narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Estate of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir. 2019) ("complaint, exhibits attached to the complaint, [and] matters of public record" as well as documents "that a defendant attaches as an exhibit to a motion to dismiss," if "undisputedly authentic" and "the [plaintiff's] claims are based [on them]").

In *Roman*, for example, the court properly considered a consent decree attached to the defendant's motion to dismiss, because (1) it was capable of judicial notice as an authentic government document; (2) the plaintiff's claims were based on it; and (3) although not attached to the complaint, it provided essential context for the allegations. *Id.* at 797. In this case, the VA's official, written dispositions of administrative claims fit that description. A complaint could not legitimately be framed unless preceded by denial of an administrative claim, and the VA's written decisions are official government documents whose authenticity cannot reasonably be questioned. I add that these documents are not cited for their truth, but only for their existence and legal effect. *Cf. S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) (on motion to dismiss, it is permissible to take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion").

First, Mr. Hunt claims that his injury occurred in 1999-2000, when he experienced his heart and sexual dysfunction problems. His claim accrued at that time. *See Miller v. Philadelphia Geriatric Center*, 463 F.3d 266, 270 (3rd Cir. 2006) (claim generally accrues at time of injury). Accrual was not delayed; Mr. Hunt surely knew of his medical condition, and knew whether the VA's treatment had been effective, in or around 1999–2000. *See United States v. Kubrick,* 444 U.S. 111, 112 (1979) ("discovery rule" that claim accrues when plaintiff knows of existence and cause of injury, although it is not required that he be aware that acts constitute medical malpractice). Mr. Hunt did not file his administrative claim, however, until some nine years later, on February 2, 2009. (DE 19-5, 19-2) The administrative claim, then, was untimely, because it was filed seven years after the expiration of the FTCA's two-year deadline.

Second, the administrative claim was denied on April 28, 2009, *via* a letter from the VA which specifically warned Mr. Hunt that any district court action under the FTCA would have to be filed within six months. (DE 19-2) Reconsideration was denied in June 2009. (DE 19-3, 19-4) This district court action, however, was not filed until nearly nine years later, in May 2018. This action, then, was untimely because it was filed over eight years after the expiration of the FTCA's six-month deadline.

This action—even if brought against the United States, and even if it plausibly stated a claim—would therefore be time-barred, because the administrative claim was not filed within the two-year deadline, and because the district court action was not filed within the six-month deadline.[4]

---

At the very least, the court might consider these documents by converting the motion to one for summary judgment, after affording the plaintiff due notice. *See* Fed. R. Civ. P. 12(d); *In re Asbestos Products Liability Litigation (No. VI) (ex rel. Hassell)*, 822 F.3d 125, 134 (3d Cir. 2016). Because there are ample grounds for dismissal, I have opted not to do so.

[4] One of Mr. Hunt's later letters attaches correspondence from the VA suggesting that some other administrative appeal may be currently pending. (DE 27 at p.3) No such claim has been shown to be administratively exhausted or presented to this Court. Also attached are medical records from other hospitals, lists of medications Mr. Hunt is currently taking, and so forth. The court has no jurisdiction to supervise the

9

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is granted. In the alternative, the motion to dismiss the action under Fed. R. Civ. P. 12(b)(6) is likewise granted. This dismissal is without prejudice to the submission, within 30 days, of a properly supported motion to amend the complaint. An appropriate order is filed with this Opinion.

Dated: March 14, 2019

_____
Kevin McNulty
United States District Judge

---

medical care provided to the plaintiff; the only matter properly before the court is the medical malpractice claim for damages asserted against the VA in the complaint.